**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **K'NAAN MOHAMUD,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-456-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered K'naan Mohamud's Petition for a Writ of Habeas Corpus, ECF No. 1. Mohamud is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 11. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 68–116. He also asks that Respondents be prevented from moving him out of the District. *Id.* ¶ 13; *see id.* at 30.

Mohamud entered the United States in 2022, and upon entry, immigration authorities apprehended and detained him. *Id.* ¶¶ 2–3. Then, on January 4, 2023, immigration authorities released Mohamud under his own recognizance. *Id.* ¶ 3. On January 14, 2026, Immigration and Customs Enforcement ("ICE") detained him in Minnesota. *Id.* ¶ 7. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 668–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has

already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Mohamud's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 25, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Mohamud from the United States, or (2) transfer Mohamud to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 18th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE